G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com

Attorneys for Plaintiff,
BRIAN POIRIER

FILED
2014 FEB 18  AM 10: 38
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ED CV 14 - 00296 JGB SPx

BRIAN POIRIER,

    Plaintiff,

vs.

CMRE FINANCIAL SERVICES, INC.; and DOES 1 to 10, inclusive,

    Defendants.

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

**Demand Does Not Exceed $10,000**

## COMPLAINT

## INTRODUCTION

1.    Brian Poirier ("Plaintiff") brings this action to secure redress from CMRE Financial Services, Inc. ("Defendant") for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788. The FDCPA prohibits false or deceptive practices in connection with the collection of debts. The RFDCPA prohibits debt collectors from engaging in

- 1 -

COMPLAINT FOR DAMAGES

abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## II. JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States. Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1367 as Plaintiff's RFDCPA claim is so related to Plaintiff's FDCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## III. PARTIES

4. Plaintiff is a natural person who resides in the Wildomar, Riverside County, California 92595. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692(a)(3) and a "debtor" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(h).

5. Defendant is a domestic corporation, headquartered at 3075 East Imperial Highway, Suite 200, Brea, California, 92821. Defendant's registered

COMPLAINT FOR DAMAGES

agent for service of process is Andrea L. Parr, 3075 East Imperial Highway, Suite 200, Brea, California, 92821

6. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6) and the RFDCPA, Cal. Civ. Code § 1788.2(c). Defendant regularly engages in the collection of debt by telephone in several states including, California.

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV.   FACTUAL ALLEGATIONS

8. Within one year prior to the filing of this action, Defendant contacted Plaintiff attempting to collect on an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Thus the "alleged debt" is a "debt" as defined by FDCPA 15 U.S.C.

§ 1692(a)(5) and as a "consumer debt," as defined by RFDCPA, Cal. Civ. Code § 1788.2(f).

9. On or about March 13, 2013, Plaintiff received written correspondence from Defendant regarding an alleged debt, which Defendant attempt to collect and claimed was due and owing to Tri-City Medical Center. The alleged debt is identified by account number 6001341728. A true and correct copy of that letter is attached hereto as "Exhibit A."

10. On or about March 15, 2013, Plaintiff was called by Defendant's agent, who identified herself as a supervisor named Karri. During this conversation, Plaintiff notified Defendant that the alleged debt was paid in full and that there was no outstanding liability owed by Plaintiff, on the alleged debt.

11. On or about March 15, 2013, Plaintiff requested that Defendant cease on all communications to Plaintiff.

12. On or about March 22, 2013, GEHA, Plaintiff's secondary insurance carrier, notified Tri-City Medical Center that there was in fact no patient liability for the alleged debt. Thus, Plaintiff did not have a debt due and owing Tri-City Medical Center, when Defendant contacted Plaintiff attempting to collect the alleged debt. A true and correct copy of that letter is attached hereto as "Exhibit B."

13. Within one year prior to the filing of this action, despite the fact that Defendant was put on notice that the alleged debt was not owed by Plaintiff and to cease contacting Plaintiff, Plaintiff received a total of ten (10) phone calls from Defendant.

14. On or about April 5, 2013, Defendant called Plaintiff. During this conversation, Plaintiff notified Defendant on a second occasion to cease contacting Plaintiff, as the debt was not due and owing. Defendant proceeded to contact Plaintiff five (5) additional times, after the second notice to cease was given.

15. Defendant's conduct as described in detail above was done to harass, oppress, or abuse Plaintiff.

16. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

## V. FIRST CAUSE OF ACTION

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. § 1692(d) by using conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff;

(b) Defendant violated 15 U.S.C. § 1692(e) by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt;

(c) Defendant violated 15 U.S.C. § 1692(e)(2) by misrepresenting the character, amount, or legal status of the alleged debt;

(d) Defendant violated 15 U.S.C. § 1692(e)(5) by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take;

(e) Defendant violated §1692(e)(10) of the FDCPA by using false representation or deceptive means in connection with the collection of the alleged debt; and

(f) Defendant violated §1692(f) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

19. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

COMPLAINT FOR DAMAGES

## VI. SECOND CAUSE OF ACTION
### (Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated Cal. Civ. Code § 1788.10(f) by threatening to take any action against the Plaintiff prohibited by this title;

    (b) Defendant violated Cal. Civ. Code § 1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute harassment; and

    (c) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692(b) to 1692(j), inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act):

        (i) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(d) by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

(ii)    Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(e) by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt;

(iii)   Defendant violated Cal Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(e)(2) by misrepresenting the character, amount, or legal status of the alleged debt in connection with the collection attempts;

(iv)    Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(e)(5) by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take;

(v)     Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(e)(10) of the FDCPA by using false representation or deceptive means in connection with the collection of the alleged debt; and

(vi)    Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. §1692(f) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

23.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24.    As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Declaratory judgment that Defendant's conduct violated the FDCPA and RFDCPA;

(b) Actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1) and Cal. Civ. Code § 1788.30(a);

(c) Statutory damages pursuant to 15 U.S.C. § 1692(k) and Cal. Civ. Code § 1788.30(b);

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k) and Cal. Civ. Code § 1788.30(c);

(e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(f) For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

DATED: February 13, 2014      PRICE LAW GROUP APC

By: _____
G. Thomas Martin, III
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BRIAN POIRIER, demands trial by jury in this action.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Jesus G. Bernal_____ and the assigned Magistrate Judge is _____Sheri Pym_____.

The case number on all documents filed with the Court should read as follows:

### EDCV14-296 JGB(SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 18, 2014                     By   Angelique Dominguez
        Date                                   Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☐ Southern Division | ☒ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| BRIAN POIRIER,<br><br>*Plaintiff*<br><br>v.<br><br>CMRE FINANCIAL SERVICES, INC.; a domestic corporation and DOES 1 to 10, inclusive,<br><br>*Defendant* | ED CV 14 - 00296 JGB<br>SPx<br>Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* CMRE FINANCIAL SERVICES, INC.
3075 East Imperial Highway, Suite 200
Brea, California, 92821

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   G. Thomas Martin, III, Esq. (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100
Encino, CA  91436
T: (818) 907-2030; F: (866) 397-2030
tom@plglawfirm.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TERRY NAFISI

*CLERK OF COURT*

Date: FEB 18 2014

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

 ☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

 ☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

 ☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

 ☐ I returned the summons unexecuted because _____ ; or

 ☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

              _____
                 *Server's signature*

              _____
                 *Printed name and title*

              _____
                 *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

BRIAN POIRIER,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

CMRE FINANCIAL SERVICES, INC.; a domestic corporation and DOES 1 to 10, inclusive,

**(b) County of Residence of First Listed Plaintiff**  Riverside
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant**  Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

G. Thomas Martin, III, Esq.
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100, Encino, CA 91436
T: (818) 907-2030; F: (866) 397-2030

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. § 1692 et seq. Unlawful Debt Collection Practices

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**  Case Number:  ED CV 14 - 00296 JGB SPx

CV-71 (11/13)   CIVIL COVER SHEET   Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☐ Yes ☒ No<br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☐ Yes ☒ No<br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims?<br>(Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☒ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | EASTERN |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
- ☐ A. Arise from the same or closely related transactions, happenings, or events; or
- ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
- ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _[signature]_   DATE: 02/06/2014

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |