Jeanne L. Zimmer (SBN 123321)
Zimmerj@cmtlaw.com
Tamar Gabriel (SBN 266860)
gabrielt@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
CMRE FINANCIAL SERVICES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN POIRIER,<br><br>             Plaintiff,<br><br>vs.<br><br><br><br>CMRE FINANCIAL SERVICES, INC.,<br>and DOES 1 through 10, inclusive,<br><br><br>             Defendant. | Case No:  5:14-cv-00296-JGB-SP<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW, Defendant CMRE FINANCIAL SERVICES, INC. ("Defendant"), by and through its counsel of record, and hereby answers the Complaint for alleged violations of the Federal Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act (hereinafter, the "Complaint"), filed by

Plaintiff BRIAN POIRIER ("Plaintiff") by admitting, denying, asserting, and alleging as follows:

## I. INTRODUCTION

1. Answering Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788; however, Defendant denies any violation thereof and Defendant denies any wrongdoing whatsoever. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

## II. JURISDICTION AND VENUE

2. Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits that this court has jurisdiction over Plaintiff's claims. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. Answering Paragraph 3 of Plaintiff's Complaint, Defendant denies the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

## III. PARTIES

4. Answering Paragraph 4 of Plaintiff's Complaint, Defendant admits that Plaintiff is a natural person. However, Defendant is without knowledge to form a belief as to the truth of the allegations as to Plaintiff's residence and

thereby denies this allegation at this time. Defendant presently lacks sufficient knowledge to form a belief as to whether the financial obligations at issue were incurred primarily for personal, family or household purposes, and therefore, Defendant can neither admit nor deny whether Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692(a)(3) or a "debtor" as defined by the RFDPCA, Cal. Civ. Code §1788.2(h). Furthermore, Defendant denies the rest of the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

5. Answering Paragraph 5 of Plaintiff's Complaint, Defendant admits it has an office located in Brea, California. Defendant also admits that Defendant's registered agent for service of process is Andrea L. Parr, 3075 East Imperial Highway, Suite 200, Brea, California 92821.

6. Answering Paragraph 6 of Plaintiff's Complaint, Defendant admits that under certain circumstances it may be considered a "debt collector" as that term is defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6); however, Defendant presently lacks sufficient knowledge to form a belief as to whether the financial obligations at issue were incurred primarily for personal, family or household purposes. Therefore, Defendant can neither admit nor deny whether it acted as a "debt collector" in this case. Except as specifically admitted herein, Defendant denies the remaining allegations in said paragraph as they constitute a legal conclusion.

///

7. Answering Paragraph 7 of Plaintiff's Complaint, the allegations in said paragraph are vague and ambiguous as to whether it contains any affirmative allegations against Defendant. To the extent that said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.

## IV. FACTUAL ALLEGATIONS

8. Answering Paragraph 8 of Plaintiff's Complaint, Defendant lacks sufficient information to respond to the allegations in said paragraph, which are vague, ambiguous, lack foundation and constitute legal conclusions. Furthermore, Defendant presently lacks sufficient knowledge to form a belief as to whether the financial obligations at issue were incurred primarily for personal, family or household purposes. Therefore, Defendant can neither admit nor deny whether the subject debt is a "debt" as defined by the FDCPA 15 U.S.C. §1682(a)(5) and a "consumer debt" as defined by the RFDCPA, Cal. Civ. Code §1788.2(f). Except as specifically admitted herein, Defendant denies the remaining allegations in said paragraph as they constitute a legal conclusion.

9. Answering Paragraph 9 of Plaintiff's Complaint, Defendant denies the allegations in said paragraph, which are vague, ambiguous, and lack foundation. Furthermore, Defendant asserts that the alleged letter from Defendant speaks for itself.

///

///

10. Answering Paragraph 10 of Plaintiff's Complaint, Defendant denies the allegations in said paragraph, which are vague, ambiguous, and lack foundation.

11. Answering Paragraph 11 of Plaintiff's Complaint, Defendant lacks sufficient information to respond to the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

12. Answering Paragraph 12 of Plaintiff's Complaint, Defendant lacks sufficient information to respond to the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion. Furthermore, Defendant asserts that the alleged correspondence from GEHA speaks for itself.

13. Answering Paragraph 13 of Plaintiff's Complaint, Defendant lacks sufficient information to respond to the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

14. Answering Paragraph 14 of Plaintiff's Complaint, Defendant lacks sufficient information to respond to the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

///

///

16. Answering Paragraph 16 of Plaintiff's Complaint, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

## V.   FIRST CAUSE OF ACTION

17. Answering Paragraph 17 of Plaintiff's Complaint, Defendant incorporates by reference its responses set forth in paragraph 1-16 above.

18. Answering Paragraph 18 of Plaintiff's Complaint with subsections (a)-(f), Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

19. Answering Paragraph 19 of Plaintiff's Complaint, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

20. Answering Paragraph 20 of Plaintiff's Complaint, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion. Furthermore, Defendant denies that Plaintiff is entitled to the relief requested in said paragraph.

## VI.   SECOND CAUSE OF ACTION

21. Answering Paragraph 21 of Plaintiff's Complaint, Defendant incorporates by reference its responses set forth in paragraph 1-20 above.

///

///

22. Answering Paragraph 22 of Plaintiff's Complaint and subsections (a)-(c) and (i)-(vi), Defendant denies each and every allegation in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

23. Answering Paragraph 23 of Plaintiff's Complaint, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

24. Answering Paragraph 24 of Plaintiff's Complaint, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion. Furthermore, Defendant denies that Plaintiff is entitled to the relief requested in said paragraph.

## VII. PRAYER FOR RELIEF

25. Answering the unnumbered paragraph, following paragraph 24 of Plaintiff's Complaint, which contains Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to the relief requested therein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1. As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

///

///

///

## SECOND AFFIRMATIVE DEFENSE

2. As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

3. As a separate, affirmative defense, Defendant alleges that its actions were proper and did not violate any statutes, including the provisions of the Fair Debt Collection Practices Act ("FDCPA") or the Rosenthal Fair Debt Collection Practices Act ("RFDCPA").

## FOURTH AFFIRMATIVE DEFENSE

4. As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose.

## FIFTH AFFIRMATIVE DEFENSE

5. As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, grossly negligent, malicious, wanton or outrageous, and that Defendant at all times acted in good faith.

///

///

## SIXTH AFFIRMATIVE DEFENSE

6. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. §§ 1692k(a)(1), 1692k(a)(2)(A), 1692k(a)(3), 1692k(b)(1), and Cal *Civil Code* 1788.30.

## SEVENTH AFFIRMATIVE DEFENSE

7. As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred by the doctrines of unclean hands, laches, waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

8. As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

## NINTH AFFIRMATIVE DEFENSE

9. As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

///

///

///

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's injuries, losses, or damages alleged in the Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff, and the amount of damages, if any, that may be recovered by Plaintiff from Defendant must be diminished in the proportion that Plaintiff's own conduct contributed to the cause of her alleged injuries, losses or damages.

## ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate, affirmative defense, Defendant alleges that, at all times alleged in the Complaint, maintained reasonable procedures created to prevent any violations of the FDCPA, the RFDCPA, and/or other statutes and that Defendant's conduct was reasonable thereby preventing any finding of negligent or intentional conduct under said Act and/or other statutes.

## TWELFTH AFFIRMATIVE DEFENSE

12. As a separate, affirmative defense, Defendant alleges that if it was assumed, arguendo, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was neither negligent nor intentional, and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

///

///

## THIRTEENTH AFFIRMATIVE DEFENSE

13. As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are or may be subject to an arbitration agreement requiring said claims to be decided by mandatory and binding arbitration. If so, Defendant reserves the right to seek arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act and/or other statutes.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. As a separate, affirmative defense, Defendant alleges that the amount of any damages that Plaintiff may recover against Defendant must be offset by all amounts owed to Defendant under Plaintiff's underlying debt to Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. As a separate, affirmative defense, Defendant alleges that Plaintiff has not provided material facts to support his contention that Defendant either willfully or negligently violated the FDCPA or RFDCPA.

///

///

///

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. As a separate, affirmative defense, Defendant alleges that it reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for their attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendant CMRE FINANCIAL SERVICES, INC. hereby requests a trial by jury in this case.

DATED: March 24, 2014                    CARLSON & MESSER LLP


                                         By: /s/ Tamar Gabriel
                                             Tamar Gabriel
                                             Attorney for Defendant,
                                             CMRE FINANCIAL SERVICES,
                                             INC.